[Docket No. 13]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

THE ESTATE OF ADA M. ROMAN, by
and through Diana Cruz as Administrator
of the Estate,

        Plaintiff,

      v.

KEVIN M. WILSON; BALLY'S DOVER
CASINO RESORT, wholly owned
subsidiary of Bally's Corporation; JOHN
DOES 1-10; and ABC COMPANIES 1-10,

        Defendants.

Civil Action No. 25-13996-RMB-MJS

**OPINION**

**RENÉE MARIE BUMB, Chief United States District Judge**:

    **THIS MATTER** comes before the Court upon a Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, to Transfer Venue, filed by Defendant Bally's Dover Casino Resort ("Dover Downs"[1]).  [Docket No. 13 ("the Motion" or "Dover Downs Br.").] For the reasons that follow, the Court will **GRANT IN PART** and **DENY IN PART** the Motion.  Finding personal jurisdiction over Dover Downs lacking, the Court tentatively finds transferring this case to the District of Delaware pursuant to 28 U.S.C. § 1404(a) and 1631 in the interests of justice and the convenience of the parties and witnesses.  However, the Court will decline to transfer the case at this time for underdeveloped briefing, to provide co-Defendant Kevin M. Wilson ("Wilson") an opportunity to express his forum preference, and

---

[1] Because the parties agree that Dover Downs is improperly designated as Bally's Dover Casino Resort, the Court will refer to Dover Downs throughout this Opinion and the accompanying Order.

to allow the parties to confer and stipulate to a transferee forum of their choosing. An accompanying Order shall issue on this date.

## I.   BACKGROUND

In the early hours of June 24, 2023, Ada M. Roman ("Roman") tragically died when Wilson allegedly ran a red light in excess of the posted speed limit and struck her car in New Jersey. [Docket No. 1-4, Ex. A ¶¶ 7–15 ("Compl.").] According to Plaintiff The Estate of Ada M. Roman, by and through Diana Cruz as Administrator of the Estate ("the Estate"), Dover Downs negligently served alcohol to Wilson prior to the accident. [*Id.* ¶ 16.] Two years later, the Estate filed suit in New Jersey state court for negligence, wrongful death, and survivorship. [*Id.* ¶¶ 19–34.] After being served on July 3, 2025, Dover Downs timely removed the case to this Court for diversity. [Docket No. 1, ¶ 15 & Ex. C ("Notice of Removal").] Dover Downs has since filed the pending Motion, which is fully briefed and ready for review. [Dover Downs Br.; Docket Nos. 14 ("Estate Opp. Br."), 16 ("Dover Downs Reply Br.").]

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) permits a party to move to dismiss a case for lack of personal jurisdiction. *See* FED. R. CIV. P. 12(b)(2). To survive a 12(b)(2) motion, a plaintiff bears the burden of establishing the court's jurisdiction over the moving defendant, *see Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002) (citation omitted), through "affidavits or other competent evidence that jurisdiction is proper," *Metcalfe v. Renaissance Marine, Inc.*, 566 F. 3d 324, 330 (3d Cir. 2009) (citation omitted). "However, when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations

taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (citations omitted); *see also Metcalfe*, 566 F. 3d at 330 (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003)) ("Moreover, '[i]t is well established that in deciding a motion to dismiss for lack of jurisdiction, a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff.'"). "Still, the plaintiff must establish 'with reasonable particularity sufficient contacts between the defendant and the forum state' to support jurisdiction." *A. Neumann & Assocs., LLC v. NRC Realty & Capital Advisors, LLC*, No. 24-5754, 2026 WL 1068166, at *3 (D.N.J. Apr. 20, 2026) (quoting *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)).

## III.    DISCUSSION

Dover Downs moves first to dismiss this case for lack of personal jurisdiction, arguing that neither general nor specific jurisdiction is appropriate. [Dover Downs Br., 8–16.] If the Court finds that it possesses personal jurisdiction, then Dover Downs alternatively requests a transfer to the District of Delaware for *forum non conveniens*. [*Id.* at 17–25.] The Court proceeds accordingly.

### A. Personal Jurisdiction

Personal jurisdiction refers to the court's power over parties to a lawsuit. This authority is obtained by the law of the state in which the court sits; here, New Jersey. *Hasson v. FullStory, Inc.*, 114 F.4th 181, 186 (3d Cir. 2024) (first citing *Metcalfe*, 566 F.3d at 330; and then citing FED. R. CIV. P. 4(k)(1)(A)). New Jersey's long–arm statute authorizes the exercise of jurisdiction "coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales*, 384 F.3d at 96 (quoting N.J. CT. R. 4:4–4(c)); *see also Fischer*

3

*v. Fed. Express Corp.*, 42 F.4th 366, 380 (3d Cir. 2022) (citing *Pinker*, 292 F.3d at 368–69) ("At the highest level, the potential outer limits of the personal jurisdictional authority of a federal court are defined by the Due Process Clause of the Fifth Amendment."). The Supreme Court's "canonical decision in this area remains" *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945). *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). "There, the Court held that a tribunal's authority depends on the defendant's having such 'contacts' with the forum State that 'the maintenance of the suit' is 'reasonable, in the context of our federal system of government,' and 'does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe*, 326 U.S. at 316–17). "Opinions in the wake of the pathmarking *International Shoe* decision have differentiated between general or all-purpose jurisdiction, and specific or case-linked jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, nn.8–9 (1984)).

### 1. General Jurisdiction

A court "has general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *id.*). This "breadth imposes a correlative limit: Only a select 'set of affiliations with a forum' will expose a defendant to such sweeping jurisdiction." *Ford Motor*, 592 U.S. at 359 (quoting *id.* at 137). For corporations, this is typically their "place of incorporation and principal place of business, *id.* (quoting *Daimler*, 571 U.S. at 137), while "[g]eneral jurisdiction over a limited liability company only tends to exist in its state of citizenship," *Doe v. Wyndham Hotels & Resorts, Inc.*, No. 25-00687,

2026 WL 73727, at *3 (D.N.J. Jan. 9, 2026) (citing *Canal Ins. Co. v. Fema Trucking, LLC*, No. 20-17953, 2022 WL 3227188, at *4 (D.N.J. Aug. 20, 2022)); *but see Tri-Union Seafoods, LLC v. Ecuatorianita Imp. & Exp. Corp*, No. 20-9537, 2021 WL 1541054, at *3 (D.N.J. Apr. 20, 2021) (quoting *Rodriquez Rivera v. Loto Grp., LLC*, No. 20-4062, 2020 WL 7384720, at *1 (D.N.J. Dec. 16, 2020)) ("Therefore, 'for the purposes of general personal jurisdiction, a limited liability company's citizenship is that of its principal place of business and state of [formation].'").

The Estate has not made a *prima facie* showing that Dover Downs is "at home" in New Jersey.[2]  Skipping the traditional approach,[3] the Estate argues for general jurisdiction because Dover Downs's "parent company maintained such contacts through its operation of Bally's Atlantic City, located in Atlantic City, New Jersey."  [Estate Opp. Br., 4.]  This complex corporate-veil-piercing theory of general jurisdiction fails for several reason.

First, the Estate has offered no "affidavits or other competent evidence," nor alleges in the Complaint, that Dover Downs's ultimate parent Bally's Corporation "owns and

---

[2] Although this "hornbook law" is not contested by the Estate, Dover Downs's removal of the case to this court "d[id] not thereby waive any of [its] Federal Rule 12(b) defenses or objections."  *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020).

[3] According to the affidavit of Marie Jerdan, Dover Downs is a limited liability company formed under the laws of Delaware, where it also operates its principal place of business. [Dover Downs Br., Ex. K, ¶¶ 5–8.]  As for its citizenship, Dover Downs's sole member is Premier Entertainment III, LLC, a Delaware limited liability company.  [*Id.* ¶ 9.]  The sole member of Premier Entertainment III, LLC, is Bally's Management Group, LLC, another Delaware limited liability company whose sole member is Bally's Corporation.  [*Id.* ¶¶ 10–12.]  Bally's Corporation is incorporated in Delaware and maintains its principal place of business in Rhode Island.  [*Id.* ¶¶ 13–14.]  Dover Downs is therefore "at home" in Delaware and Rhode Island, and this Court consequently lacks general jurisdiction thereover under the traditional framework.  *Ford Motor*, 592 U.S. at 359; *Doe*, 2026 WL 73727, at *3; *Tri-Union Seafoods*, 2021 WL 1541054, at *3.

operates Bally's Atlantic City." *Metcalfe*, 566 F. 3d at 330; *Miller Yacht Sales*, 384 F.3d at 97; *see* [Compl.; Docket No. 6, at 1; Estate Opp. Br., 4–6.]  Even were it presumed, the Court is unpersuaded that this "corporate structure" authorizes general jurisdiction over Dover Downs under tried-and-true constitutional principles.  [Estate Opp. Br., 5].  The Court surmises that the Estate is alluding to an alter-ego theory, under which general jurisdiction maybe appropriate "if a subsidiary is 'merely the agent' of its parent corporation or the parent corporation 'controls' the subsidiary."  *Lutz v. Rakuten, Inc.*, 376 F. Supp. 3d 455, 470 (E.D. Pa. 2019) (quoting *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 781 (3d Cir. 2018)); *see also Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 300 (3d Cir. 2008).

Again, though, the Estate sets forth no competent evidence or allegations in this vein, *see* [Compl.; Estate Opp. Br., 4–6], but, more importantly, the Estate is asking this Court, without *any* supporting case law, to graspingly exert general jurisdiction over a nonresident entity not merely from an agent-parent relationship (*i.e.*, ostensibly a direct Dover Downs-Bally's Atlantic City relationship), but up from Bally's Atlantic City to Bally's Corporation then downwards to Bally's Management Group, LLC, to Premier Entertainment III, LLC, and finally to Dover Downs.  *See* [Estate Opp. Br., 4–6.]  The Court declines to clamber corporate peaks and valleys to flag "sweeping jurisdiction" over a nonresident defendant. *Ford Motor*, 592 U.S. at 359.  "[T]raditional notions of fair play and substantial justice" demand it.  *Id.* at 358.  Finding no *prima facie* showing of general jurisdiction, the Estate must now demonstrate that this Court has specific jurisdiction over Dover Downs.

### 2.    Specific Jurisdiction

Specific jurisdiction "is different" than general jurisdiction: "It covers defendants less intimately connected with a State, but only as to a narrower class of claims." *Ford Motor*, 592

U.S. at 359.  There are three well-known prongs to the specific jurisdiction analysis.  "First, there must be purposeful availment: minimum contacts with the forum state that show the defendant took a deliberate act reaching out to do business in that state."  *Hepp v. Facebook*, 14 F.4th 204, 207 (3d Cir. 2021) (citing *id.*).  "Second, the contacts must give rise to—or relate to—plaintiff's claims."  *Id.* (citing *Ford Motor*, 592 U.S. at 359).  "And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise 'comport[s] with fair play and substantial justice.'"  *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)).

A proper exercise of specific jurisdiction occurs "when the cause of action arises from the defendant's forum related activities," *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 223 (3d Cir. 2016) (citation omitted), such that the defendant "should reasonably anticipate being haled into court there," *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).  This framework ensures that an out-of-state defendant will not be harried into court based on "random, fortuitous, or attenuated contacts, or the unilateral activity of another party or a third person."  *Croat v. Mission Fine Wines, Inc.*, No. 19-17786, 2020 WL 1921955, at *4 (D.N.J. Apr. 21, 2020) (quoting *Stevens v. Welch*, No. 10-03928, 2011 WL 541808, at *3 (D.N.J. Feb. 7, 2011)); *see also Hasson*, 114 F.4th at 196 (first quoting *Walden v. Fiore*, 571 U.S. 277, 290 n.9 (2014); and then quoting *Helicopteros*, 466 U.S. at 417).

At step one, there are no facts or allegations to indicate that Dover Downs "purposefully avail[ed] itself of the privilege of conducting activities within" New Jersey and "invoke[ed] the benefits and protections of [its] laws."  *Hasson*, 114 F.4th at 186 (quoting *Toys "R" Us*, 318 F.3d at 451).  Each of the Estate's three arguments fail for the same reason: the "unilateral activity of another party or a third person is not an appropriate consideration when

determining whether a defendant has sufficient contacts with a forum State to justify an assertion of [specific] jurisdiction." *Helicopteros*, 466 U.S. at 417 (collecting Supreme Court cases); *see also D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 103 (3d Cir. 2009) (citation and internal quotation marks omitted) ("The unilateral activity of those who claim some relationship with a nonresident defendant is insufficient.").

The Estate misplaces its focus first on Wilson, arguing that "New Jersey and Delaware share a border, [so] citizens of both states regularly patronize Bally's establishments …. Wilson exemplified this connection when he visited Bally's Dover, consumed alcohol while intoxicated, and then crossed into New Jersey, where he fatally struck" Roman. [Estate Opp. Br., 7.] And referring once more to Dover Downs's ultimate parent Bally's Corporation, the Estate claims, without factual proof or otherwise alleging in the Complaint, that "Bally's Corporation operates online gambling platforms in both New Jersey and Delaware, enabling New Jersey residents and visitors of legal age to place wagers directly from their mobile devices through Bally's Bet Sportsbook," and that it "systematically targets New Jersey residents and visitors to patronize both its Dover and Atlantic City properties." [*Id.*]

But it is "essential" that Dover Downs itself targeted New Jersey "by some act." *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 65 (3d Cir. 1984) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). Based on the foregoing, the Court cannot find that Dover Downs's contacts, if any, with New Jersey are its "own choice and not 'random, isolated, or fortuitous,'" such that it "deliberately 'reached out beyond' its home." *City of Trenton Bd. of Educ. v. Bank of Am., N.A.*, No. 24-5647, 2024 WL 5087804, at *3 (D.N.J. Dec. 12, 2024) (quoting *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 774 (1984)). Seeing that the Estate has not shown Dover Downs's purposeful availment required firstly for specific jurisdiction, this

8

Court proceeding onward to steps two and three is impracticable, and therefore unnecessary. The Estate has therefore failed to make a *prima facie* showing that this Court has specific jurisdiction over Dover Downs and this Court is without power over it in this lawsuit.

### B.    Transfer

Because the Court has found that it lacks personal jurisdiction over Dover Downs, the Court must now determine the best approach for moving this matter forward, especially with the specter of severance looming given the Court's uncontested personal jurisdiction, at this time anyway, over Wilson.  Contrary to Dover Downs's implied position that dismissal is *ipso facto* warranted, the Third Circuit has made clear "a district court that lacks personal jurisdiction must at least consider a transfer."[4] *Danziger*, 948 F.3d at 132.  The situation before the Court implicates two transfer statutes, 28 U.S.C. §§ 1404(a) and 1631, neither of which are briefed by the parties.  *See* [Dovers Downs Br., 17–25; Estate Opp. Br., 8–10; Dover Downs Reply Br., 6–8.]  The latter governs the Estate's claims against Dover Downs and the former to those against Wilson.

The Court preliminarily finds that transferring this entire case to the District of Delaware fulfills the mandates of §§ 1404(a) and 1631, but will demure doing so at this time. Neither party has briefed transfer under § 1631 and, while *forum non conveniens* and § 1404(a) "entail the same balancing-of-interests standard," *Atl. Marine Const.*, 571 U.S. at 61, the Court would like to provide the parties an opportunity to brief the subtle differences between them,

---

[4] Dover Downs's alternative request to transfer pursuant to *forum non conveniens* is a non sequitur because that doctrine results in dismissal, the "traditional remedy" which Congress "replaced" when it codified *forum non conveniens* in 28 U.S.C. § 1404(a) "for the subset of cases in which the transferee forum is within the federal court system." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013); *see Shah v. Asia TV USA Ltd.*, No. 23-21722, 2025 WL 3763945, at *4 n.10 (D.N.J. Dec. 29, 2025) (citation omitted) (remarking that remedy under *forum non conveniens* "is dismissal, not transfer to another federal court").

given that transfer under § 1404(a) is similarly left unbriefed.  *See Deibler v. Basic Rsch., LLC*, No. 19-20155, 2023 WL 6579144, at *(D.N.J. Oct. 10, 2023) (citation omitted) ("A court's authority to transfer cases pursuant to 28 U.S.C. § 1404(a) does not depend upon a motion, stipulation, or consent of parties to the litigation, but '[f]ailure to afford parties adequate notice and opportunity to be heard on a district judge's contemplated sua sponte transfer would in most, if not all, cases violate the parties' due process rights.'").  The Court also reserves transferring the case to offer Wilson an opportunity to express his position on this issue, as well as to furnish the parties a chance to confer and stipulate to a transferee forum.

### 1.    28 U.S.C. § 1631

"Where personal jurisdiction is lacking, a district 'court shall, if it is in the interest of justice, transfer such action ... to any other such court ... in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.'"  *Richardson v. Smartronix, LLC*, No. 25-14057, 2026 WL 1189224, at *9 (D.N.J. Apr. 30, 2026) (quoting 28 U.S.C. § 1631); *see also id.* (deeming § 1631 "[t]he relevant statute" where court lacks personal jurisdiction).  "To effect a transfer pursuant to § 1631, a court must find (1) that the action 'could have been brought' in the transferee district and (2) that transfer is in the interest of justice."  *McIlwain, LLC v. Berman*, No. 17-1257, 2018 WL 2357745, at *8 (D.N.J. May 24, 2018) (quoting *D'Jamoos*, 566 F.3d at 109).  The Court possesses the *sua sponte* authority to not only transfer a case under § 1631 but also "'broad discretion' not to transfer."  *Danziger*, 948 F.3d at 132 (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995)).  "Still, the court must make some

10

findings under § 1631, at least when the parties identify other courts that might be able to hear their case." *Id.*

First, the Estate could have brought this case in the District of Delaware. A civil action may be brought in a federal district court in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)–(2). For substantiality, this interstate drunk-driving tragedy originates from Dover Downs's allegedly negligent service of alcohol to Wilson in Delaware. [Compl. ¶ 16.] As for residency, "a natural person … shall be deemed to reside in the judicial district in which that person is domiciled" and a limited liability company "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(1)–(2). In accordance with these principles, both Wilson and Dover Downs reside in Delaware. *See* [Compl. ¶¶ 2–3]; *supra*, at 5 n.3.

Second, a transfer to the District of Delaware would doubtless serve the interest of justice because "dismissing [Dover Downs] from the case and requiring [the Estate] to refile elsewhere … would be time-consuming and undermine the efficient administration of justice," especially if it would result in severed litigation. *Baldwin v. Cencora, Inc.*, No. 25-2610, 2026 WL 837117, at *5 (E.D. Pa. Mar. 26, 2026) (quoting *Flipside Wallets LLC v. Brafman Grp. Inc.*, No. 19-5356, 2020 WL 1330742, at *4 (E.D. Pa. Mar. 19, 2020)). Not only that, but there exists a likely chance that the Estate's claims against Dover Downs expired back on June 24, 2025, and "the 'interest of justice' requirement ordinarily will be satisfied if the statute of limitations has expired subsequent to the time of the original filing, so that

11

transfer, rather than dismissal, will preserve the plaintiff's cause of action." *Rinaldi v. FCA US LLC*, No. 22-00886, 2022 WL 17340667, at *7 (D.N.J. Nov. 30, 2022) (quoting *Am. Fin. Res., Inc. v. Smouse*, No. 17-12019, 2018 WL 6839570, at *5 (D.N.J. Dec. 31, 2018)); *see* N.J. STAT. ANN. 2A:14-2(a), 2A:31-3, 2A:15-3(b) (codifying, *seriatim*, two-year statute of limitations for negligence, wrongful death, and survival actions).

Nevertheless, the Court cannot make a definitive ruling on whether the Estate's claims are time-barred, and, therefore, whether the Estate "may, on its own, refile its case in a proper forum." *See Danziger*, 948 F.3d at 133 ("If a plaintiff may, on its own, refile its case in a proper forum, 'the interests of justice' do not demand transfer."). The Estate has only argued *against* transfer to Delaware and has not indicated where transfer would be alternatively appropriate or preferred if the Court found personal jurisdiction wanting over Dover Downs, or if tolling principles would otherwise allow the Estate to refile the case in another forum of its choosing. *See* [Estate Opp. Br.]; *see also, e.g.*, *Williams v. Tech Mahindra (Americas) Inc.*, No. 24-1434, 2024 WL 5055834, at *2 (3d Cir. Dec. 10, 2024) (describing doctrine of wrong-forum tolling). Because the Estate is "'the master of the complaint' … and therefore controls much about [the] suit," *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–399 (1987)), the Court will defer ordering a transfer of the Estate's claims against Dover Downs to the District of Delaware pursuant to § 1631 pending supplemental briefing or a stipulation between the parties.

### 2.    28 U.S.C. § 1404(a)

The Court similarly possesses "broad discretion" under § 1404(a) to transfer the Estate's claims against Wilson. *Def. Distributed v. Att'y Gen. of N.J.*, 167 F. 4th 65, 75 (3d Cir. 2026). "And though it may transfer a case at the parties' request or sua sponte, it need not

12

investigate on its own all other courts that might or could have heard the case." *Danziger*, 948 F.3d at 132 (citations and internal quotation marks omitted); *see also Menendez v. United States*, No. 25-18179, 2025 WL 3688003, at *2 (D.N.J. Dec. 19, 2025) (quoting *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1045 (3d Cir. 1973)) ("Thus, the district court is 'is vested with a large discretion' to determine when transfer should be ordered 'in the interest of justice,' pursuant to Section 1404(a).").

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "Accordingly, when considering transfer pursuant to Section 1404(a), a court must determine: (i) whether the proposed forum is one in which plaintiff could have originally brought suit (or one to which the parties have consented), and (ii) whether transfer would be in the interest of justice and for the convenience of parties and witnesses." *Doe (C.M.B.) v. Wyndham Hotels & Resorts, Inc.*, No. 25-06316, 2026 WL 1133662, at *5 (D.N.J. Apr. 27, 2026) (citing *Kremer v. Lysich*, No. 18-03676, 2019 WL 3423434, at *3 (D.N.J. July 30, 2019)). This latter review must consider all twelve "relevant public and private interests" adumbrated by the Third Circuit. *Santi v. Nat'l Bus. Recs. Mgmt., LLC*, 722 F. Supp. 2d 602, 606 (D.N.J. 2010) (citing *Jumara*, 55 F.3d at 879).

The private interests include: (1) the plaintiff's forum preference; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the location of books and records. *Jumara*, 55 F.3d at 879 (citations omitted). The public interests are: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the

relative administrative difficulty in the two fora from court congestion; (4) the local interest in deciding controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879–80 (citations omitted).

### i.    Venue

Section 1404(a), as opposed to section 1406(a), is the appropriate vehicle here. The former permits a court to transfer "a civil action from one proper venue to another proper venue." *Doe (S.A.T.) v. Wyndham Hotels & Resorts, Inc.*, No. 24-11511, 2025 WL 2848587, at *5 (D.N.J. Oct. 8, 2025) (first citing *Jumara*, 55 F.3d at 878; then citing *Sondhi v. McPherson Oil Co.*, No. 20-13986, 2021 WL 5356182, at *4 (D.N.J. Nov. 17, 2021)); *see also Danziger*, 948 F.3d at 132. "Conversely, Section 1406 … applies when the original venue is improper." *Doe (S.A.T.)*, 2025 WL 2848587, at *5 (citing *Jumara*, 55 F.3d at 878); *see also Lafferty v. Gito St. Riel*, 495 F.3d 72, 76–77 (3d Cir. 2007) (citations omitted).

The Court has already found venue to be proper in the District of Delaware. *See supra*, at 11. The same holds true for this District. The Estate acknowledges that "[t]his matter arises from a tragic motor crash that occurred on or about June 24, 2023, in Buena Vista Township, Atlantic County, New Jersey." [Estate Opp. Br., 2]; *see also* [Notice of Removal ¶ 10 ("Venue can be situated in this Court because the accident at issue occurred in the City of Vineland in the State of New Jersey.").] Because "a substantial part of the events or omissions giving rise to the claim occurred" in New Jersey, venue is proper in this District and the Court will therefore analyze the propriety of a transfer pursuant to Section 1404(a). 28 U.S.C. 1391(b)(2).

### ii.   The Private Interests

While the Estate's "preference 'is a paramount consideration' and will 'not be lightly disturbed,'" its "choice is not necessarily decisive." *Papa v. IAT Ins. Grp., Inc.*, No. 25-04049, ---F. Supp. 3d----, 2026 WL 592360, at *3 (D.N.J. Mar. 3, 2026) (first quoting *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970); and then quoting *Halpern v. Centroid Sys., Inc.*, No. 24-7037, 2024 WL 4533370, at *9 (D.N.J. Oct. 21, 2024)).   Although Wilson's forum preference is not known to the Court at this time, the convenience of Dover Downs and the Estate, witnesses, and location of evidence slightly favor transfer given the presumptive transfer of the Dover Downs-claims to Delaware.

First, the Court judicially notices that the Estate's Vineland, New Jersey, residency is basically equidistant from this Court's Camden Courthouse and that for the District of Delaware in Wilmington.  [Compl., 1]; *Menendez*, 2025 WL 3688003, at *3 ("While the Court recognizes Plaintiff's residency, it also takes judicial notice that she lives in Englewood Cliffs, New Jersey, which is a mere proverbial stone's throw from the Southern District of New York.").   Moreover, the Estate concedes that "Delaware and New Jersey are neighboring states, and the short distance between them does not create any real burden on parties or witnesses."[5]  [Estate Opp. Br., 9–10]; *see also* [*id.* at 10 ("The witnesses, evidence, and public

---

[5] Despite this concession, the Estate argues "this issue is a fact-driven analysis that cannot be resolved fairly at this early stage.  Discovery is needed to determine the actual location of witnesses and documents." [Estate Opp. Br., 9.]  But this conflicts with the Estate's assertions cited above and, according to Dover Downs, the Estate "never requested any discovery or time to complete discovery" about this issue at the Court's pre-motion conference regarding the Motion on August 11, 2025.  [Dover Downs Br., 8.]  Indeed, after conferring with the parties on March 10, 2026, Magistrate Judge Matthew J. Skahill ordered "that the scheduling of discovery deadlines remains deferred in consideration of the" pending Motion.  [Docket No. 21.]  Any purported need for discovery does not preclude the Court from finding that transferring this case at this time is propitious.

policy considerations are centered here [in New Jersey], and the geographic proximity of Delaware does not present genuine inconvenience.").]

### iii.   The Public Interests

The public interest factors counsel transfer.  First, the "enforceability of the judgment" is neutral, as a judgment in either this District or the District of Delaware are equally registerable elsewhere.  *See Lincoln Benefit Life Co. v. Wilmington Tr., N.A.*, No. 25-2728, 2026 WL 622212, at *11 (D.N.J. Mar. 5, 2026) ("The first factor—enforceability of judgment—is neutral because both forums are federal courts."); *SI Power LLC v. Pathway Holdings Mgmt. V, LLC*, No. 15-6101, 2016 WL 7130920, at *9 (D.N.J. Dec. 7, 2016).  "[T]he second factor— practical considerations—weighs heavily in favor of transfer."  *Lincoln Benefit Life*, 2026 WL 622212, at *12.  This is so because "[j]udicial economy concerns … favor transfer, as the alternative would involve splitting [the Estate's] claims between two fora."  *Doe (C.M.B.)*, 2026 WL 1133662, at *6.

As to court congestion, this factor is neutral.  Both Districts shoulder weighty caseloads.  *See Table C-1–U.S. District Courts–Civil Federal Judicial Caseload Statistics*, U.S. CTS. (Mar. 31, 2025), https://www.uscourts.gov/data-news/data-tables/2025/03/31/federal-judicial-caseload-statistics/c-1.  The local interest and public policy factors are likewise neutral.  While the Estate is correct that "New Jersey has a compelling interest in adjudicating fatal motor vehicle crashes occurring on its roadways and in protecting its residents form the dangers of drunk driving," [Estate Opp. Br., 10], an equal local interest propels Delaware to guard against the "improper service of alcohol occur[ing] within its borders," a "crucial issue of this case," [Dover Downs Br., 25].  "The sixth factor—the trial court's familiarity with applicable law—is neutral.  Federal courts are 'capable of applying the law of other states.'"

*Lincoln Benefit Life*, 2026 WL 622212, at *13 (quoting *In re CityMD Data Privacy Litig.*, No. 24-6972, 2025 WL 2505655, at *10 (D.N.J. Sept. 2, 2025)); *see also DiMarco v. Coates*, No. 19-1559, 2020 WL 5593767, at *3 (D.N.J. Sept. 18, 2020) ("Additionally, since federal courts are generally well-equipped to apply the laws of other states and frequently do so in diversity cases, the Court finds that familiarity of the trial judge with applicable state law is a neutral factor in this instance.").

Section 1404(a) seeks to "avoid the waste of time, energy and money and, in addition, to safeguard litigants, witnesses and the public against avoidable inconvenience and expense." *Liggett Grp. Inc. v. R.J. Reynolds Tobacco Co.*, 102 F. Supp. 2d 518, 525–26 (D.N.J. 2000). Bifurcating this case between the Districts of New Jersey and Delaware would be anathema to these principles. "[O]n balance," the Court presently finds that this "litigation would 'more conveniently proceed and the interests of justice be better served by transfer to'" the District of Delaware. *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 57 (3d Cir. 2018) (quoting *Jumara*, 55 F.3d at 879).

## IV.    CONCLUSION

For the foregoing reasons, Defendant Dover Downs's Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, to Transfer Venue is **GRANTED IN PART** and **DENIED IN PART**. Because the Court lacks personal jurisdiction over Dover Downs, but not Wilson, the Court tentatively finds that transferring this matter to the District of Delaware comports with 28 U.S.C. §§ 1404(a) and 1631. At this time, however, the Court will defer transferring this case for underdeveloped briefing, to provide Wilson an opportunity to

17

express his forum preference, and to allow the parties to confer and stipulate to a transferee

forum of their choosing.  An accompanying Order shall issue on this date.


**May 15, 2026**                                    **/s/ Renée Marie Bumb**
Date                                                Renée Marie Bumb
                                                    Chief United States District Judge

18